UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM MCGREW, an individual,

    Plaintiff,

v.   Case No. 3:20-cv-1371-BJD-PDB

STEPHANIE MORGAN, an individual,

    Defendant.
_____/

### ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 34; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge; Defendant's Objections (Doc. 39; Objection); and Plaintiff's Response (Doc. 41; Response). In the Report, the Magistrate Judge considered Defendant's Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(3) for Forum Non Conveniens (Doc. 18); Plaintiff's Response (Doc. 22); and Defendant's Reply (Doc. 30). Report at 1-2. The Magistrate Judge recommended that Defendant's Motion to Dismiss be denied and that she be required to respond to the Complaint (Doc. 1). Report at 26.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). If, on the other hand, a party files an objection, the district judge must conduct a de novo review of the portions of a magistrate judge's report and recommendation to which the party objects. Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016); 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) (on dispositive matters, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). The Court reviews de novo the Magistrate Judge's proposed findings of fact and legal conclusions to which Plaintiff objected. 28 U.S.C. § 636(b)(1).

Upon de novo review, the Court finds no error in the Report and the Report is due to be adopted. It writes to address briefly the Objections Defendant, Stephanie Morgan raises. Namely, that Plaintiff, William McGrew's allegations are "speculation" and "guesswork" that cannot support a finding that venue is proper in the Middle District of Florida.

Mr. McGrew brings this suit against Ms. Morgan for defamation, tortious interference with business relationships, and intentional infliction of emotional distress. (See generally Doc. 1; Complaint). The common thread to Mr. McGrew's claims is that Ms. Morgan created email addresses using

pseudonyms to unfairly disparage Mr. McGrew to his employers and their clients. See, e.g., id. ¶ 11(H). Mr. McGrew initiated suit in the Jacksonville Division of the Middle District of Florida because at the time the case was filed, he believed Ms. Morgan maintained her primary residence in Orange Park, Florida and a substantial portion of the events giving rise to his case occurred here. Id. ¶¶ 2 and 6. These events include potential employers located in Florida receiving the defamatory emails. (Doc. 22.1 ¶¶ 8-9).

Mr. McGrew alleges that Google provided him the IP addresses associated with the fictious email accounts and that several of the IP addresses traced back to Orange Park, Florida and Ohio. Complaint ¶¶ 19-20. Ms. Morgan frequented both states. Id. ¶ 46. Equally damning for Ms. Morgan, the emails all but ceased when Mr. McGrew began attempting to obtain the IP addresses associated with the fictious accounts—an oddity given the small circle of individuals that would have known about Ms. McGrew's efforts. Id. ¶¶17-20. Because of Mr. McGrew and Ms. Morgan's close relationship and the location of the IP addresses, Mr. McGrew believes Ms. Morgan was behind the malicious emails. Id. ¶ 24. His suspicion was further substantiated when he confirmed that all of the IP addresses belonged to Ms. Morgan, her husband, and her son. Id. ¶32-33. Ms. Morgan later declared that her permanent residence is in Ohio and she only visits

and uses her Florida residence as a non-primary residence. (Doc. 19 ¶¶ 3 and 7). This statement was in support of her Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(3) authorizes dismissal only when venue is "wrong or improper." <u>Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas</u>, 571 U.S. 49, 55 (2013) (internal quotations omitted). "This question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." <u>Atl. Marine Const. Co.</u>, 571 U.S. at 55. Section 1391 provides that venue is proper if it is brought in the district where a substantial part of the events that give rise to the claim occurred and where the defendant(s) resides. Both of these requirements are evaluated as they existed when a complaint is filed. <u>Flowers Indus., Inc. v. F.T.C.</u>, 835 F.2d 775, 777 n.1 (11th Cir. 1987).

"When a defendant challenges venue as improper, the plaintiff bears the burden of showing that the venue selected is proper." <u>Santos Camacho v. United States</u>, No. 19-61167-CIV, 2019 WL 6130441, at *2 (S.D. Fla. Nov. 19, 2019) (internal quotations omitted). As the Report explains, Mr. McGrew met this burden on two fronts. First, Mr. McGrew properly pled that Ms. Morgan was a resident in the Middle District of Florida as defined by section 1391. Ms. Morgan's affidavit failed to controvert Mr. McGrew's allegations because it spoke only to where Ms. Morgan resides when completing the affidavit, and not where Ms. Morgan resided when Mr. McGrew filed this case.

Second, Mr. McGrew provided specific allegations as to the acts that occurred in the Middle District of Florida. They include allegations that Ms. Morgan sent defamatory emails regarding Mr. McGrew's sexual preferences, work ethic, and reliability to Mr. McGrew's potential employers, including those located in Florida. Complaint at 6-9. At least some of these emails were generated in Middle District of Florida. (Doc. 22.1 at 6). To the extent Ms. Morgan refutes those allegations, "the Court must give greater weight to [Mr.] McGrew's version and construe the facts in the light most favorable to him." (Report at 22 (citing Delong Equip. Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988) and Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990))). Moreover, no "guesswork" is needed for one to infer that an individual residing in Orange Park, Florida who generates a fictitious email account in Orange Park, Florida, also, on at least one occasion, sent emails from Orange Park, Florida.[1]

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant's Objections (Doc. 39) are **OVERRULED**.

---

[1] Any request that this case be transferred for the convenience of the parties is not appropriately made in an objection nor is it supported by a memorandum of law. See Local Rule 3.01(a).

2. The Report and Recommendation (Doc. 34) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(3) for Forum Non Conveniens (Doc. 18) is **DENIED**.

4. On or before **September 3, 2021**, Defendant shall answer the Complaint (Doc. 1).

**DONE** and **ORDERED** in Jacksonville, Florida this 18th day of August, 2021.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

The Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of Record